UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARQUISE JACKSON,         * | |
|                                        * | |
|     Plaintiff,                        * | |
|                                        * | Civil Action No. 23-30129-KAR |
| v.                                         * | |
| STATE OF MASSACHUSETTS, et al.,     * | |
|     Defendants.                   * | |

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND
FOR REASSIGNMENT AND REPORT AND RECOMMENDATION
March 18, 2024

ROBERTSON, U.S.M.J.

      Marquise Jackson ("Plaintiff" or "Jackson"), a homeless resident of New York, filed a complaint and a request to proceed *in forma pauperis* with the United States District Court for the Southern District of New York. (Dkt. Nos.1, 2). Plaintiff's complaint names as defendants the State of Massachusetts, the Diocese of Springfield Church, C&S Wholesale Warehouse and the Westfield Police Department. (Dkt. No. 1). The claims arise primarily from abuse that Jackson alleges he suffered as a child. *Id.*

      By Order dated October 31, 2023, the case was transferred to the District of Massachusetts. (Dkt. No. 3), Transfer Order, No. 23-cv-9426 (LTS) (S.D.N.Y. Oct. 31, 2023).

      Based on Jackson's financial disclosures, Jackson will be permitted to proceed *in forma pauperis*. When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief

may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must contain "'enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests.'" *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)).

Here, Jackson's complaint does not meet the standard for a "short and plain statement" of his claim showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Moreover, without an address, the Court has no effective way to communicate with the Plaintiff. In order to proceed with this case, Jackson must provide an address where he may receive mail. This Court's Local Rules require a *pro se* litigant to advise the Court of a mailing address in order to receive notice of rulings. *See* United States District Court for the District of Massachusetts Local Rule 83.5.5(e). Any party who appears *pro se* may also provide the clerk and all parties an e-mail address at which service upon that party may be made. *Id.* at 83.5.5(f).

Here, Jackson indicates that he resides in New York and that he is homeless. It is unclear whether he received a copy of the Transfer Order issued in the Southern District of New York. Nevertheless, this Court deems that Jackson is under a continuing obligation to check on the status of his

case and to advise the Court of a mailing address. Accordingly, under these circumstances, it is recommended that this case be dismissed without prejudice notwithstanding the Court's inability to mail him a copy of this Order.

For the reasons set forth above, this Court ALLOWS plaintiff's motion for leave to proceed *in forma pauperis*, ORDERS the REASSIGNMENT of this case to a District Judge for dismissal without prejudice, and RECOMMENDS that the District Judge DISMISS this action without prejudice.[1]

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED: March 18, 2024

---

[1] The parties are advised that under the provisions of Fed.R.Civ.P. 72(b) or Fed.R.Crim.P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir.1988); *United States v. Valencia–Copete*, 792 F.2d 4, 6 (1st Cir.1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 604 (1st Cir.1980). *See also Thomas v. Arn*, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.